# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                          Plaintiff,

v.

AQUINUS S. ROGERS,

                         Defendant.

Case No. 14-CR-234-JPS

## ORDER

This case comes before the Court on Aquinas S. Rogers' ("Rogers") motion to reconsider his mandatory transfer to adult criminal prosecution. (Docket #38). On January 12, 2016, the Court entered an Order holding Rogers' motion in abeyance pending further briefing. (Docket #48). Specifically, the Court requested that the parties brief the issue of whether Rogers' previous juvenile conviction for Armed Robbery with Threat of Force, as Party to a Crime, in violation of Wis. Stats. §§ 943.32(2) and 939.05,[1]

---

[1] In the government's initial transfer motion (Docket #6), it alleged that Rogers had previously been found guilty of Armed Robbery with Threat of Force, as Party to a Crime, in violation of Wis. Stats. §§ 943.32(2) and 939.05. (Docket #6 at 2). Indeed, Rogers' juvenile record shows that he was charged as a "party to a crime." (Docket #4 at 3-4) (listing Wis. Stat. § 939.05). However, the government now argues that the state court's "Disposition Order" only lists a "statutory violation" of Wis. Stat. § 943.32(2), which corresponds to Armed Robbery with Threat of Force. (Docket #52 at 7 n.3). According to this theory, the government claims that Rogers did not actually plead guilty as "party to a crime." (Docket #52 at 7 n.3). Regardless of whether Rogers' plea was that of Armed Robbery with Threat of Force or Armed Robbery with Threat of Force, as Party to a Crime, the Court's analysis and outcome is the same and, thus, the Court will not belabor this point.

qualifies the defendant for transfer under 18 U.S.C. § 5032 in light of *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015).[2]

As discussed more fully herein, the Court concludes that a juvenile conviction for Armed Robbery with Threat of Force, as Party to a Crime, indeed qualifies Rogers for mandatory transfer because that statutory offense has as an element, the use, threatened use, or attempted use of physical force. *See* 18 U.S.C. § 5032; Wis. Stat. §§ 943.32(2), 939.05. And, because *Johnson* did not effect the language of Section 5032 that the Court relies on for the purpose of this holding—*i.e.*, the "force clause" of Section 5032—the Court has no basis from which to conclude that *Johnson* prohibits and/or affects Rogers' mandatory transfer. Moreover, though it is not necessary to this decision, the Court also finds that Rogers must be transferred to adult prosecution because his previous juvenile conviction is the state law equivalent of federal armed robbery—18 U.S.C. § 2111—which is an enumerated offense under Section 5032. Accordingly, Rogers' motion for reconsideration will be denied. (Docket #38).

1.    BACKGROUND

On December 5, 2014, the government filed a juvenile information charging Rogers with attempted armed bank robbery and brandishing a firearm during, and in relation to, a crime of violence. (Docket #1). Rogers had not yet turned 18 at the time. (Docket #1). Thus, the government moved for mandatory transfer of the proceedings against Rogers to adult prosecution, pursuant to 18 U.S.C. § 5032. (Docket #6). Rogers opposed that

---

[2] As explained in the Court's January 12, 2016 Order, *Johnson* impacts the mandatory transfer analysis because it might strip away one of the possible methods for satisfying both the second and third mandatory transfer requirements (Docket #48 at 5-7), which are addressed in detail below.

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 2 of 25   Document 55

motion (Docket #12), and the Court heard oral argument from the parties on the matter (Docket #17).

Ultimately, the Court granted the government's motion and transferred Rogers' proceedings to adult criminal prosecution. (Docket #18). The government then indicted Rogers (Docket #20), and several months later Rogers pled guilty (Docket #28, #30). After pleading guilty, Rogers requested and received two adjournments of his sentencing hearing. (Docket #34, #35, #36, #37). His latest sentencing date was scheduled for January 14, 2016. (Docket #37).

However, before sentencing occurred, Rogers moved the Court to reconsider the transfer of this case to adult criminal prosecution. (Docket #38). Specifically, Rogers argued that *Johnson,* 135 S. Ct. at 2653, undermined the propriety of his mandatory transfer because this Court—at least in part—had relied on language in Section 5032 that is "virtually identical" to the definition of "crime of violence" embodied in both 18 U.S.C. § 16 and in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B) (hereinafter "the ACCA"). (Docket #18 at 6); *see also United States v. M.C.E.*, 232 F.3d 1252, 1256–57 (9th Cir. 2000) (citing *Taylor v. United States*, 495 U.S. 575, 600–02 (1990)); *Impounded*, 117 F.3d 730, 738 n.12 (3d Cir. 1997). Since *Johnson* had deemed a portion of the ACCA's "crime of violence" definition—*i.e.*, which is most commonly known as the "residual clause"[3]—unconstitutional, the defendant asked the Court to reassess whether Rogers' currently-charged

---

[3]The ACCA's residual clause states that a "violent felony" for the purpose of that statute includes "any crime…[that] otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. 924(e)(2)(B)(ii). The "residual clause" of Section 5032 states that transfer may be supported by an offense that "by its very nature involves a substantial risk that physical force against the person of another may be used in committing the offense.…"

offense and prior juvenile conviction could still support transfer under Section 5032. (Docket #38); *see also Johnson*, 135 S. Ct. at 2563.

On January 12, 2016, the Court attempted to streamline the resolution of the pending motion by: (1) providing an overview of the arguments and legal issues implicated by the motion to reconsider; (2) clarifying that *Johnson* did not affect the Court's conclusion that the first and second requirements[4] for mandatory transfer were satisfied, respectively; and (3) ordering further briefing with respect to the third requirement for mandatory transfer. (*See generally* Docket #48). More precisely, the Court requested the parties to brief whether, in light of the Supreme Court's *Johnson*, 135 S. Ct. at 2551, decision, Rogers' previous juvenile conviction for Armed Robbery with Threat of Force, as Party to a Crime, in violation of Wis. Stat. §§ 943.32(2) and 939.05, qualifies Rogers for mandatory transfer under Section 5032. (Docket #48 at 12).

2.      STATUTORY FRAMEWORK—18 U.S.C. § 5032

As explained in the Court's January 12, 2016 Order, transfer under Section 5032 is mandatory if:

---

[4]As described more fully below, those two requirements relate to: (1) the age at which the currently-charged offense occurred; and (2) whether the currently-charged offenses has an element of physical force, involves a substantial risk of the use of force, or is one of the enumerated offenses under Section 5032. *See* 18 U.S.C § 5032. The Court concluded that Rogers' currently-charged offense of federal armed bank robbery—18 U.S.C. § 2112—is a crime of violence that supports transfer because it has an element of physical force. (*See* Docket #48) ("[T]he crime with which Rogers is currently charged in this case, specifically attempted armed bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), has, as an element, the threat of force.").

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 4 of 25   Document 55

(1) a juvenile is charged in the instant case with committing a crime after his sixteenth birthday;

(2) the crime charged in the instant case is "a felony offense that has as an element thereof the use, attempted use, or threatened use of physical force against the person of another, or that, by its very nature involves a substantial risk that physical force against the person of another may be used in committing the offense, or would be [one of several enumerated offenses];" and

(3) the juvenile defendant "has previously been found guilty of an act which if committed by an adult would have been one of the offenses set forth in this paragraph or an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed."

18 U.S.C. § 5032; (*see also* Docket #48 at 3).

Though the first and second requirements for transfer are not disputed at this juncture (*see* Docket #48), the third requirement—which relates to the nature of the juvenile's prior conviction—is at issue.

This Court has previously determined that the third requirement for transfer under Section 5032 is satisfied if the juvenile's previous offense is one that: (1) has, as an element thereof, the use, attempted use, or threatened use of force (hereinafter, the "force clause"); (2) involves a substantial risk that physical force would be used in its commission (hereinafter, the "residual clause"); or (3) is convicted of a state law crime which is equivalent to one of several enumerated offenses in the statute. 18 U.S.C. § 5032; (*see also* Docket #48 at 4). In other words, the third requirement is satisfied if the juvenile defendant earlier committed a state or federal crime that—just like the crime that is the subject of the current charges—either has an element of force,

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 5 of 25   Document 55

involves a substantial risk of the use of force, or is one of the listed offenses.[5] *See, e.g.*, *Impounded*, 117 F.3d at 732; *David H.*, 29 F.3d at 493–94; JNK, 1999 WL 427153, at *2.

As referenced above, Section 5032 contains language that is "virtually identical" to the definition of "crime of violence"[6] embodied in both 18 U.S.C. § 16 and in the ACCA, 18 U.S.C. § 924(e)(2)(B). *See M.C.E.*, 232 F.3d at 1256–57; *Impounded*, 117 F.3d at 738 n.12. More specifically, the ACCA's definition of violent felony is satisfied when the crime being considered: (1) has an element of physical force; (2) is an enumerated offense; or (3) involves a substantial risk of the use of force. *See* 18 U.S.C. § 924(e)(2)(B). The last of those provisions—for crimes "involv[ing] conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(e)(2)(B)(ii)—has "come to be known as the [ACCA]'s residual clause." *Johnson*, 135 S. Ct. at 2555–56.

The Court ordered further briefing on the question presented by Rogers because *Johnson* might undermine one of the possible avenues for satisfying the third requirement for mandatory transfer. (Docket #48 at 5).

---

[5]In his response brief, the defendant reiterates an argument that he made in his initial opposition to transfer, which is that in order for a "state juvenile adjudication" to support transfer, it "must 'match' one of the enumerated offenses [embodied in Section 5032], and cannot simply fall under the 'crime of violence' language noted in the [force clause.]" (Docket #53 at 4; Docket #12 at 15-17). In other words, he argues that *only* if the juvenile was previously charged with one of the statutorily enumerated offenses in Section 5032 can he/she be transferred to adult prosecution. (Docket #12 at 5). The Court rejected that argument based on the text, structure, and case law interpreting Section 5032 (Docket #18 at 7-10), and the defendant makes no new arguments addressing that question in its latest brief (Docket #53). Thus, the Court declines to revisit that issue again here.

[6]For the sake of simplicity, the Court will likewise refer to crimes that satisfy the force clause under 18 U.S.C. § 5032 as "crimes of violence."

This is because in *Johnson*, the Supreme Court held that the ACCA's residual clause is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2555–56. What is more, the Seventh Circuit has recently held that the residual clause embodied in 18 U.S.C. § 16 is also unconstitutionally vague under the reasoning of *Johnson*.[7] S*ee United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015).

Importantly, however, *Johnson* did *not* address the constitutionality of the language which falls under the ACCA's "force clause" or "elements clause." *See, e.g.*, 135 S. Ct. at 2563; *United States v. Yang*, 799 F.3d 750, 751 & n.1 (7th Cir. 2015) ("Yang's case does not involve the residual clause, so *Johnson* does not affect him."); *United States v. Johnson*, No. 14-10390, 2015 WL 7740578, at *6 (11th Cir. Dec. 2, 2015) ("The [*Johnson*] Court did not invalidate § 924(e)'s elements clause…"). Thus, the Court has no basis from which to conclude that the force clause in Section 5032 has been called into question. Indeed, the parties do not argue that *Johnson* undermines the propriety of mandatory transfers which are supported by juvenile convictions which involve the use, attempted use, or threatened use of physical force.

In sum, in light of the legal developments in *Johnson* and *Vivas-Ceja*, the government does not rely—and, therefore, nor will the Court—on the residual clause embodied in Section 5032 when determining whether Rogers' juvenile conviction qualifies him for transfer to adult prosecution. (*See* Docket #13). Accordingly, Rogers' juvenile conviction can only support mandatory transfer under the third requirement of Section 5032 if either: (1) it has as an element the use, attempted use, or threatened use of physical force—*i.e.*, it satisfies the force clause; or (2) is the state law equivalent of a

---

[7]Neither the Supreme Court nor the Seventh Circuit have reviewed the constitutionality of the residual clause embodied in Section 5032 post-*Johnson*.

federal offense that is enumerated in Section 5032. *See* 18 U.S.C. § 5032; *Yang,* 799 F.3d at 751 & n.1. The Court will analyze these questions in turn.

3.     ANALYSIS

The issue of whether Rogers' juvenile conviction can support mandatory transfer is fully briefed and ripe for adjudication. On the one hand, the government argues that—by statutory definition—a Wisconsin conviction for Armed Robbery-Threat of Force requires the use or threatened use of force, thereby satisfying the force clause of Section 5032. (Docket #52 at 7-12). Moreover, the government argues that the fact that Rogers was charged under Wisconsin's party to a crime ("PTAC") statute has no effect on the elements of the underlying charge to which Rogers pled guilty: Armed Robbery-Threat of Force. (Docket #52 at 7). Under this theory, even if the PTAC statute encompasses conspirator liability, the crime to which Rogers pled guilty is categorically a crime of violence that supports transfer. (Docket #52 at 7-8). In addition, the government argues that transfer is also proper because the Wisconsin's Armed Robbery-Threat of Force statute is equivalent, if not more narrow, than federal armed robbery, an enumerated offense under Section 5032. (Docket #52 12-14).

On the other hand, the defendant raises three arguments in support of his position that transfer is inappropriate in this case. (*See* Docket #53). First, he argues that a juvenile adjudication for being a party to an armed robbery does not qualify as a "crime of violence" under the force clause of Section 5032 because Wisconsin's PTAC statute encompasses conspirator liability, which does not categorically involve the use of physical force. (Docket #53 at 3-6). Second, Rogers argues that since Wisconsin's Armed Robbery-Threat of Force statute does not specify the degree of force required

to commit the offense, the conviction cannot support mandatory transfer. (Docket #53 at 7-9). And finally, Rogers argues PTAC armed robbery is broader than the federal armed robbery statute and, as such, Rogers' juvenile conviction does not match any of the enumerated offenses that supports transfer under Section 5032. (Docket #53 at 11-12).

In order to determine whether Rogers' juvenile conviction satisfies the force clause or is an enumerated offense under Section 5032—which would, therefore, support his transfer to adult prosecution—the Court is guided by what is commonly known as "the categorical approach."[8] *United States v. David H.*, 29 F.3d 489, 493–94 (9th Cir. 1994). "Under the categorical approach…the focus is not on the facts of the defendant's particular crime, but only on the fact of conviction and the essential elements of the offense." *United States v. Sonnenberg*, 628 F.3d 361, 364 (7th Cir. 2010). In other words, courts "must look only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts

---

[8]The so-called "categorical" approach is a byproduct of a series of Supreme Court cases interpreting the ACCA. *See United States v. Johnson*, 680 F.3d 966, 983 (7th Cir. 2012) (citing *Begay v. United States*, 553 U.S. 137, 141 (2008)). This methodology was created to help district courts determine whether a predicate offense qualifies as a crime of violence for purpose of certain ACCA sentencing enhancements. *Id.; see also Taylor v. United* States, 495 U.S. 575, 600 (1990). Notably, some courts have questioned whether the ACCA methodology should apply outside of the sentencing context. *See, e.g, United States v. Devonte Hayes*, 15-CR-173-JPS-DEJ (E.D. Wis. Nov. 30, 2015), *United States v. Standberry*, No. 3:15-CR-102-HEH, 2015 WL 5920008, at *1 (E.D. Va. Oct. 9, 2015); *cf. United States v. Rogers*, 804 F.3d 1233, 1236 (7th Cir. 2015) ("The 'elements-centric' categorical approach is an established method of evaluating whether prior convictions count for purposes of some sentence-enhancement statutes, most notably the Armed Career Criminal Act."). Though the Court acknowledges these reservations, the Court nonetheless agrees with the parties that the categorical approach is the proper method to determine whether Rogers' juvenile conviction supports mandatory transfer under Section 5032. (Docket #52 at 5-6; Docket #53 at 9-11).

disclosed by the record of conviction." *United States v. Woods*, 576 F.3d 400, 403 (7th Cir. 2009) (internal citations omitted) (internal quotation marks omitted).

Though the Seventh Circuit has not endorsed the categorical approach in the context of juvenile transfer cases, other courts have concluded that the language of the transfer statute mandates this element-centric methodology.[9] *See M.C.E.*, 232 F.3d at 1255 ("[I]n analyzing this [transfer] question, we do not look to the specific conduct underlying M.C.E.'s conviction. Rather, we must take the 'categorical' approach, focusing narrowly on the elements of the crime, as defined by the statutory language."); *United States v. A.F.F.*, 144 F. Supp. 2d 809, 814-15 (E.D. Mich. 2001) ("Generally, when determining whether an offense will serve as a statutory predicate, appellate courts prescribe a categorical approach, which discourages an examination of underlying conduct.").

Thus, when looking only to the "the fact of [Rogers' juvenile] conviction and the essential elements of the offense" to which he pled guilty, *Sonnenberg*, 628 F.3d at 364, the Court must decide: (1) whether Rogers' prior juvenile conviction is a categorical crime of violence—*i.e.*, one that has an element of physical force;[10] and/or (2) whether Rogers' juvenile conviction for

---

[9]In the alternative, the parties also address arguments related to the propriety of applying a modified categorical analysis to the transfer issue. (Docket #52 at 14-16; Docket #53 at 9-11). As discussed further below, the Court finds that the language and case law interpreting Section 5032 mandate a categorical approach to this issue and, thus, it need not address these arguments.

[10]To reiterate, in light of *Johnson*, 135 S. Ct. at 2563, *Vivas-Ceja,* 808 F.3d at 723, and the parties' arguments, the Court will not consider the applicability of the Section 5032's residual clause which, in any case, does not affect this Court's holding.

Armed Robbery with Threat of Force, as Party to a Crime, in violation of Wis. Stats. §§ 943.32(2) and 939.05, is the Wisconsin equivalent of federal armed robbery, 18 U.S.C. § 2111—an enumerated offense under 18 U.S.C. § 5032. The Court will address each of these questions in turn.

### 3.1 Rogers' Prior Juvenile Conviction Satisfies the Force Clause of Section 5032

Rogers pled guilty to Count One of a juvenile petition charging him with Armed Robbery with Threat of Force, as Party to a Crime, in violation of Wis. Stats. §§ 943.32(2) and 939.05, respectively. (Docket #52 at 7). In order to determine whether Rogers' juvenile conviction constitutes a categorical crime of violence, the Court will first address whether Armed Robbery with Threat of Force, in violation of Wis. Stats. §§ 943.32(2), satisfies the force clause of Section 5032. Next, the Court will analyze whether, and to what extent, Rogers' PTAC charge, embodied in Wis. Stat. § 939.05, affects the mandatory transfer calculus.

The categorical analysis must necessarily focus on the statutory language of the crime for which Rogers was convicted. *See M.C.E.*, 232 F.3d at 1255. Wisconsin's armed robbery statute, Wis. Stat. § 943.32(2), provides:

(1) Whoever, with intent to steal, takes property from the person or presence of the owner by either of the following means is guilty of a Class E felony:

(a) *By using force* against the person of the owner with intent thereby to overcome his or her physical resistance or physical power of resistance to the taking or carrying away of the property; *or*

(b) *By threatening the imminent use of force* against the person of the owner or of another who is present with intent thereby to compel the owner to acquiesce in the taking or carrying away of the property.

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 11 of 25   Document 55

> (2)  Whoever *violates sub. (1) by use or threat of use of a dangerous weapon*, a device or container described under s. 941.26(4)(a) or any article used or fashioned in a manner to lead the victim reasonably to believe that it is a dangerous weapon or such a device or container is guilty of a Class C felony.

Wis. Stat. § 943.32 (emphasis added). In addition, Wisconsin's PTAC statute, Wis. Stat. § 939.05, states:

> (1)  Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.
>
> (2)  A person is concerned in the commission of the crime if the person:
>
>> (a)  Directly commits the crime; or
>>
>> (b)  Intentionally aids and abets the commission of it; or
>>
>> (c)  Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it.…

Wis. Stat. § 939.05.

First, there can be no question that Wis. Stat. § 943.32(2) has as an element the use or threatened use of force. *See* Wis. Stat. § 943.32(2); c*f. David H.*, 29 F.3d at 493 (concluding that robbery in violation of California Penal Code § 211 included as an element the "'threatened use of physical force against the person of another.'") (citing 18 U.S.C. § 5032). As described in the

Court's January 12, 2016 Order, the very title of this charge describes its commission as one that occurs with the "threat of force." (Docket #4 at 4).

Furthermore, the jury instruction corresponding to this crime specifically contemplates the use or threatened use of force during the commission of a robbery. *See* Wis. JI-Criminal No. 1480: Armed Robbery: By Use or Threat Of Use of A Dangerous Weapon—§ 943.32(2) (2005). More precisely, the jury instruction for Wis. Stat. § 943.32(2) states that the elements that the State must prove beyond a reasonable doubt for a conviction under the statute are:

1. That [a person] was the owner of property;

2. The defendant took and carried away property from the person or from the presence of [a person];

3. The defendant took the property with the intent to steal;

4. The *defendant acted forcibly*; and

5. At the time of the taking or carrying away, the defendant *used or threatened to use a dangerous weapon*.

*Id.* (emphasis added).

The definitions of what it means to act "forcibly" and with a "dangerous weapon" further underscore the violent, physical nature of this offense. For example, the jury instructions explain that "forcibly"

means that *the defendant [used force* against (a person) with the *intent to overcome or prevent physical resistance* or physical power of resistance to the taking or carrying away of the property] [*or] [threatened the imminent use of force* against (a person) with the *intent to compel [a person] to submit* to the taking or carrying away of the property].

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 13 of 25   Document 55

*Id.* (emphasis added); *see also Woods v. Kemper*, No. 13-CV-973, 2014 WL 721926, at \*3 (E.D. Wis. Feb. 24, 2014) ("Under Wisconsin law, a defendant is guilty of armed robbery, Wis. Stat. § 943.32(1)(b) and (2), if the State proves that the defendant forcibly took property, owned by another, with the intent to steal, and used or threatened to use a dangerous weapon."). In addition, a "dangerous weapon" includes:

> any firearm, whether loaded or unloaded, or any device *designed as a weapon and capable of producing death or great bodily harm*, or any other device or instrumentality which, in the manner it is used or intended to be used, is *calculated or likely to produce death or great bodily harm*.

*Rafferty v. State*, 29 Wis. 2d 470, 475, 138 N.W.2d 741, 743 (1966) (internal quotations omitted) (citing the same definition of "dangerous weapon" as is currently contained in the Wisconsin instructions) (emphasis added). The definition of "dangerous weapon" is designed to "focus upon the reasonable perception of the victim that he or she was in *danger.*" *State v. Hopson*, 122 Wis. 2d 395, 401, 362 N.W.2d 166, 169 (Ct. App. 1984) (emphasis added).

Indeed, the defendant does not argue that the Wisconsin armed robbery statute does not have an element of "force." The plain language of the statute, case law, and jury instructions would render such an argument absurd. Rather, the defendant argues that Section 5032's use of the term "physical force" requires that a juvenile predicate crime involve the use, threatened use, or attempted use of "*violent* force— that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010) (emphasis in original); (*see also* Docket #53 at 7-9). And, according to the defendant, since the Wisconsin armed robbery statute does not outline the degree of force necessary to commit the offense, it cannot constitute a crime of violence. (Docket #53 at 7-9).

However, even *assuming arguendo* that the defendant's proposed definition of "physical force" applies to Section 5032,[11] there can be no question that armed robbery in Wisconsin contemplates the use or threatened use of violent, physical force. The defendant fails to reconcile how a defendant might commit a crime both "forcibly" and with a "dangerous weapon" without, at the very least, threatening the use of violent, physical force. *Compare State v. Witkowski*, 143 Wis. 2d 216, 219, 420 N.W.2d 420, 421 (Ct. App. 1988) ("The state need not prove that the defendant was in fact armed with a dangerous weapon; rather, the focus is on 'the reasonable perception of the victim that he or she was in danger....'") (internal citations omitted) *with United States v. Werle*, No. 14-30189, 2016 WL 828132, at *5 (9th Cir. Mar. 3, 2016) (citing *City of Pasco v. Ross*, 649 P.2d 37, 39 (Wash. Ct. App.1985) (interpreting Washington case law to mean that "[t]he terms 'violence' and 'force' are synonymous when used in relation to assault, and

---

[11] In support of his argument, the defendant points to *Johnson v. United States*, wherein the Supreme Court concluded that "in the context of [the ACCA's] statutory definition of 'violent felony,' the phrase 'physical force' means violent force…." *Johnson v. United States*, 559 U.S. 133, 140 (2010); (*see also* Docket #53 at 7-9). On the one hand, as the government points out in its reply brief, it is unclear whether *Johnson*—which focused on interpreting the ACCA—applies to Section 5032. (Docket #54 at 5). This is particularly so because Section 5032 does not employ the word "violent felony" like the ACCA. *Compare* 18 U.S.C. § 5032 *with* 18 U.S.C. § 924(e)(2)(B). On the other hand, the Court recognizes the persuasive value of interpretations of similarly worded texts and/or statutory language. *See United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008). Regardless, because the outcome of this case does not turn on whether "physical force" is equivalent to "violent force," the Court need not delve into the merits of this argument. *Cf. United States v. Devonte Hayes*, 15-CR-173-JPS-DEJ, slip op. at *7 (E.D. Wis. Nov. 30, 2015) ("The defendants have not cited any case—let alone one from the Seventh Circuit—holding that 'physical force' under § 924(c)(3)(A) must involve violent force, and nothing in § 924(c)(3)(A) indicates that such a meaning should be engrafted to the statute.").

include any application of force, even though it entails no pain, bodily harm, or serious injury.")); *Whyte v. Lynch*, 807 F.3d 463, 469 (1st Cir. 2015) (concluding that the plain language of Connecticut's third-degree assault statute and Connecticut case law interpreting that statute did not require the use of violent force).

Rogers cites to no case law, and the Court can find none, in support of the theory that *armed* robbery in Wisconsin can be accomplished without the "threatened use of physical force." 18 U.S.C. § 5032; *(see generally* Docket #53). Unlike the statutes in *Werle* and *Whyte*, Wisconsin Courts have determined that in order for a defendant to be convicted of armed robbery he/she must both: (1) "use force" to "overcom[e] or prevent[] physical resistance" or "threaten[] the imminent use of force…with the intent to compel [a person] to submit," Wis. JI-Criminal No. 1480 (2005); *and* (2) do so with the "use or threatened" use of "a dangerous weapon," *Witkowski*, 143 Wis. 2d at 219. It stretches beyond the common sense understanding of these definitions to imagine a scenario wherein a person might be compelled to submit while in fear of danger from a weapon without the threat of violent physical force. Moreover, the victim's subjective perception of danger contemplated by an armed robbery conviction comports with the Supreme Court's explanation that "physical force" can be exerted indirectly by and through concrete bodies, such as a dangerous weapon. *Cf. United States v. Castleman*, 134 S. Ct. 1405, 1414, 188 L. Ed. 2d 426 (2014) ("[A]s we explained in *Johnson*, 'physical force' is simply 'force exerted by and through concrete bodies,' as opposed to 'intellectual force or emotional force.' And the common-law concept of 'force' encompasses even its indirect application."). (internal citations omitted).

The Court thus concludes that a violation of Wisconsin's Armed Robbery with Threat of Force statute categorically involves the use or threatened use of physical force and, therefore, satisfies the force clause of Section 5032.

Second, the Court must determine whether—and to what extent—the PTAC modifier to Rogers' conviction affects the Section 5032 transfer analysis. The nature, history, and purpose of Wisconsin's PTAC statute are critical to the resolution of this legal question.

The Wisconsin Supreme Court has, on various occasions, expounded upon its interpretation of PTAC liability. *See, e.g.*, *State v. Horenberger*, 119 Wis. 2d 237, 243, 349 N.W.2d 692, 695 (1984); *State v. Hecht*, 116 Wis. 2d 605, 619, 342 N.W.2d 721, 729 (1984); *Holland v. State*, 91 Wis. 2d 134, 140, 280 N.W.2d 288, 291 (1979). In the seminal case of *Holland v. State*, the Wisconsin Supreme Court recognized that due process requires "that the prosecution prove *each essential element* of the offense beyond a reasonable doubt." *Id.* at 138 (emphasis added). The defendant in *Holland* thus challenged, on state grounds, the constitutionality of the PTAC jury instruction, which did (and to this day does) not require jurors to unanimously agree as to the *manner* in which a defendant committed the crime in question, *i.e.*, by direct commission, aiding/abetting, or conspiracy. *Id.*; *see also* Wis. JI-Criminal No. 402: Party to a Crime (2005). Thus, when presented with the issue of whether the standard PTAC instruction "violate[d] the defendant's right to a unanimous verdict guaranteed by the Wisconsin Constitution," the court was forced to determine the extent to which a "party to crime" charge affected the elements of an alleged criminal violation. *Holland*, 91 Wis. 2d at 138.

In answering this question, the *Holland* court explained that the PTAC statute reflected the Wisconsin legislature's decision to abolish the common law distinction between principle and accessory liability. *Id.* at 140-41 ("The legislative judgment embodied in sec. 939.05, Stats." is "that those concerned in the commission of a crime are equally liable along with the one who directly committed it...."). In this sense, "the [PTAC] statute does *not* create three separate and distinct offenses." *Id.* at 143 (emphasis added). Rather, when a defendant is charged with a crime—like armed robbery—and as party thereto, there is "a *single* offense for which the defendant could be found liable in three alternative ways—direct commission, aiding and abetting, and conspiracy." *Id.* (emphasis added). And, therefore, whether a defendant is alleged to be liable as a direct actor, an aider and abetter, and/or a conspirator is of no legal significance because each of these actors is equally liable for their commission of the offense in question. *Id.* at 143. Indeed, the actionable conduct for the purpose of PTAC is *participation* in the *underlying crime* charged. *Id.* ("The jury unanimously found participation, and it was not necessary that it be agreed as to the theory of participation."); *Lampkins v. Gagnon*, 710 F.2d 374, 377 (7th Cir. 1983) ("Wisconsin interprets this crime as 'participation.'"). What is more, because each theory of liability stands on equal grounds, the court made clear that the government need not cite to the PTAC statute in the operative charging documents for a defendant to be convicted as a "party to crime." *Id.* at 142. ("This court has commended the practice of including the party to a crime statute in the information but...one may be convicted as a party to crime even though the information makes no mention of sec. 939.05....").

In light of the *Holland* court's finding that both direct and indirect participants in a state criminal offense are equally liable for criminal conduct, the Wisconsin Supreme Court concluded that "[u]nanimity is required *only* with respect to the ultimate issue of the defendant's guilt or innocence of the crime charged.…" *Id.* at 143. In other words, "the *method of complicity* in an offense under the party to a crime statute [i]s *not an essential element* of the offense upon which the jury must agree unanimously." *Horenberger*, 119 Wis. 2d at 243 (emphasis added). And, because the manner of participation is not an "essential element" of any given offense, the PTAC charge "does not add to or alter the elements of the offense to which the defendant is charged as a party." *Id.*

Four years after the Wisconsin Supreme Court decided *Holland*, the Seventh Circuit announced that Wisconsin's PTAC statute likewise passed constitutional muster under the federal Due Process Clause. *See Lampkins*, 710 F.2d at 377 ("We find no constitutional infringement in Wisconsin's decision to make participation in a crime a criminal act."). Relying on the *Holland* court's interpretation of the PTAC statute, the Seventh Circuit emphasized that "state[s] ha[ve] the power, within constitutional bounds to define its crimes as it wishes." *Id.* (citing *Mabra v. Gray*, 518 F.2d 512, 514 n. 3 (7th Cir.), *cert. denied*, 423 U.S. 1023 (1975)). Moreover, the court found that "[t]he distinctions between aiding, abetting, and party to a conspiracy" under PTAC are "no more conceptually distinct than aid[ing], abet[ting], counsel[ing], command[ing], induc[ing], or procur[ing]" under 18 U.S.C. § 2(a)." *Id.* at 387. Thus, the fact that juries in Wisconsin need not unanimously agree as to whether the defendant was a direct or indirect

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 19 of 25   Document 55

participant in the alleged crime does not violate federal constitutional principles. *Id.*

The Seventh Circuit revisited Wisconsin's PTAC statute again in *United States v. Groce*, 999 F.2d 1189, 1191 (7th Cir. 1993). In *Groce*, the defendant argued "that the 'party to a crime' nature of his [Wisconsin] burglary conviction remove[d] it from the statutory definition" of a crime of violence under the ACCA. *Id.* The Seventh Circuit disagreed with this argument. *Id.* at 1992. Instead, the *Groce* court concluded that "burglary as party to a crime is essentially analogous to aiding and abetting a burglary." *Id.* at 1991. And, since "both federal law and Wisconsin state law punish an aider and abettor as a principal," the defendant's burglary conviction was categorized as a violent felony within the terms of the ACCA. *Id.* at 1991-92.

Here, the categorical approach demands that the Court look to the "essential elements" of the offense for which Rogers was convicted as a youth. *Sonnenberg*, 628 F.3d at 364. *Holland* and its progeny make clear that PTAC liability does *not* affect the elements of the crime for which the defendant is ultimately charged. *See Horenberger*, 119 Wis. 2d at 243; *State v. Hecht*, 116 Wis. 2d at 619; *Holland*, 91 Wis. 2d at140. Thus, as in *Groce*, the addition of the PTAC modifier onto Rogers' Armed Robbery with Threat of Force conviction does not alter the essential elements of statutory violation for which Rogers was convicted. And, since armed robbery in Wisconsin is a crime of violence under the force clause of § 5032, the third requirement for Rogers' mandatory transfer is properly supported by his juvenile conviction.

The Court's reading of *Holland* likewise explains why it cannot accept the argument that Rogers' potential participation as a conspirator in the underlying juvenile conviction affects the Court's decision. This argument

ignores both the nature of PTAC liability and the Court's obligation to conduct an "element centric" analysis of Rogers' juvenile conviction. *See Holland*, 91 Wis. 2d at 140-42*; see also Johnson,* 599 at 138 (noting that federal courts are bound by a state court's interpreting of the elements of a statutory violation).Given the *Holland* court's ruling that PTAC liability does *not* alter, add, or in any way affect the "essential elements" of the underlying crime for which Rogers was convicted, the Court has no other option than to conduct the categorical analysis solely by reference to the criminal conduct embodied in Armed Robbery with Threat of Force. *See Holland*, 91 Wis. 2d at 138-42; *see also Sonnenberg*, 628 F.3d at 364; *Groce*, 999 F.2d at 1191 (concluding that a defendant's conviction of burglary as party to a crime did not affect the court's categorical analysis).

In light of the abolished distinction between principles and accessories to a crime, neither Wisconsin nor the federal prosecutors are required to charge a defendant as a "party" to a crime. *See United States v. Galiffa*, 734 F.2d 306, 312 (7th Cir. 1984) (noting that 18 U.S.C. § 2 need not be charged in the indictment); *Holland*, 280 N.W.2d at 292 (noting the same with respect to the PTAC statute in Wisconsin). The fact that the Wisconsin legislature, just like the federal government, has decided to hold principles and accessories equally liable under the law cannot affect this Court's element-based analysis under Section 5032. *Id.* Such a conclusion would render any Wisconsin conviction as categorically falling outside the bounds of the crime of violence definition, a result wholly unsupported by case law. Thus, the Court concludes that Armed Robbery with Threat of Force, as Party to a Crime, support Rogers' transfer under Section 5032.

### 3.2 Rogers' Prior Juvenile Conviction Is The State Law Equivalent of An Enumerated Offense Under Section 5032

Though it is not necessary to this Court's decision, the government also argues that Rogers' juvenile conviction qualifies him for transfer because it is an enumerated offense under Section 5032. (Docket #13 at 11). In other words, the government argues that because: (1) Wis. Stat. § 943.32(2) is analogous to, if not more narrow than, the federal robbery statute, 18 U.S.C. § 2111; and (2) the federal robbery statute,18 U.S.C. § 2111, is an enumerated offense under 18 U.S.C. § 5032, this means that Wis. Stat. § 943.32(2) would be an enumerated offense under 18 U.S.C. § 5032 "if a circumstance giving rise to Federal jurisdiction had existed."[12] (Docket #13 at 11). Taking a different approach, Rogers focuses on the PTAC aspect of his conviction. (Docket #16 at 12-15). Specifically, he argues that: (1) because accessory liability is not enumerated under the mandatory transfer statute; and (2) Wisconsin's robbery statute is actually broader than the federal counterpart embodied in 18 U.S.C. § 2, Rogers' prior juvenile conviction is not an enumerated offense under Section 5032 that supports transfer. (Docket #16 at 12-15).

The Court agrees with the government's conclusion that Rogers was indeed convicted of a state offense (Armed Robbery with Threat of Force) that would have been an enumerated federal offense (Robbery) "if a circumstance giving rise to Federal jurisdiction had existed." *See* 18 U.S.C. § 2111 ("[W]hoever, within the special maritime and territorial jurisdiction

---

[12]This language is taken directly from Section 5032's third requirement, which states that transfer is warranted if the juvenile defendant "has previously been found guilty of…an offense in violation of a State felony statute that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed." 18 U.S.C. § 5032.

Case 2:14-cr-00234-JPS   Filed 04/01/16   Page 22 of 25   Document 55

of the United States, by force and violence, or by intimidation, takes or attempts to take from the person of presence of another anything of value shall be imprisoned not more than fifteen years.").

The Court rests this conclusion on three grounds. First, the federal Armed Robbery statute is, in all material respects, equivalent if not broader than Rogers' conviction for Armed Robbery with Threat of Force. *Compare* 18 U.S.C. § 2111 (which does not require the threat of force or the use of a dangerous weapon) *with* Wis. Stat. § 943.32(2) (requiring the actual use or threatened use of force and use of a dangerous weapon). Second, the argument that Wisconsin's PTAC statute may ultimately be broader than its federal counterpart, 18 U.S.C. § 2, and, therefore, preclude transfer is unsupported by case law. In both *Groce* and *Lampkins* the Seventh Circuit indicated that no meaningful distinction between 18 U.S.C. § 2 and Wis. Stat. § 939.05 exists. *See Groce*, 999 F.2d at 1192; *Lampkins*, 710 F.2d at 387. Third, though the Court recognizes that the federal accessory statute—18 U.S.C. § 2—is not enumerated under Section 5032, the argument that Congress sought to preclude transfer for juveniles who have been convicted as accessories is entirely inconsistent with the text of the mandatory transfer statute, which qualifies certain offenses as crimes of violence so long as they

satisfy *either* the force clause *or* are an enumerated offense.[13] (*See supra*, Part 2.1); *see also M.C.E.*, 232 F.3d at 1257; *Impounded*, 117 F.3d at 732; *David H.*, 29 F.3d at 493–94; *Juvenile Male (JNK)*, 199 WL 427153, at *2. Ultimately, so long as PTAC liability does not alter the essential elements of the underlying criminal offense for which the defendant is convicted, the Court must transfer Rogers to adult prosecution so long as the elements of his juvenile conviction satisfy the force clause, which, as discussed at length above, is the case here. *See Sonnenberg*, 628 F.3d at 364; *Holland*, 91 Wis. 2d at 140-42.

For the foregoing reasons, the Court concludes that Rogers' conviction as a juvenile for Armed Robbery with Threat of Force, as a Party to a Crime, in violation of Wis. Stats. §§ 943.32(2) and 939.50, has as an element the use, attempted use, or threatened use of force. In the alternative, Rogers' prior conviction would be an enumerated offense under Section 5032—namely, federal Armed Robbery—had circumstances for "giving rise to Federal jurisdiction" existed. *See* 18 U.S.C. § 5032. Thus, Rogers' juvenile conviction provides a sufficient basis for transfer under the third requirement of Section 5032.

---

[13]Similarly, Rogers' argument that conspiracy to commit a crime of violence does not satisfy the force clause of § 5032 has no bearing on this Court's opinion. *Cf. United States v. Raupp*, 677 F.3d 756, 761 (7th Cir. 2012) (finding that conspiracy to commit a crime of violence supports an enhanced sentence under the ACCA pursuant to the application note to § 4B1.2). Rogers was not convicted of the inchoate crime of conspiracy, which is proscribed by an entirely distinct criminal statute. *See* Wis. Stat. § 939.31; s*ee also State v. Nutley*, 24 Wis. 2d 527, 561, 129 N.W.2d 155, 170 (1964) *overruled on other grounds by State v. Stevens*, 26 Wis. 2d 451, 132 N.W.2d 502 (1965)) (highlighting the "distinction between conspiracy as a substantive inchoate crime, and conspiracy as a theory of prosecution as a principal for a substantive consummated crime"). The Seventh Circuit has not opined on this issue, and the Court declines to render an opinion on an open question in the law upon which its holding does not rest.

4.    CONCLUSION

The Court finds that Rogers' motion to reconsider his transfer to adult criminal prosecution because his prior conviction as a juvenile to Armed Robbery with Threat of Force, as Party to a Crime—in violation of Wis. Stats. §§ 943.32(2) and 939.50—has as an element the use, attempted use, or threatened use of force and is the state law equivalent of an enumerated offense under Section 5032.

Accordingly,

IT IS ORDERED that Rogers' motion for reconsideration (Docket #38) be and the same is hereby DENIED.

Dated at Milwaukee, Wisconsin, this 1st day of April, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge