# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AQUINUS S. ROGERS,<br><br>Defendant. | Case No. 14-CR-234-JPS<br><br><br>**ORDER** |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AQUINUS S. ROGERS,<br><br>Defendant. | Case No. 21-CR-45-BHL<br><br><br>**ORDER** |

Defendant has two pending matters in this District: (1) a pending revocation of his supervised release in 14-CR-234-JPS before this Court; and (2) a recently filed criminal case, *United States v. Rogers*, Case No. 21-CR-45-BHL, before the Honorable Judge Brett H. Ludwig. On March 24, 2021, Defendant's counsel filed an unopposed motion to reassign Defendant's criminal case pending before Judge Ludwig to this Court. (Docket #83).

In the Eastern District of Wisconsin, when a defendant has more than one pending case, the defendant's cases may be brought before the same judge, pursuant to Criminal Local Rule 13. Specifically, a criminal case may be reassigned to another judge if that case is related to a lower numbered criminal case assigned to that judge and each of the following criteria is met:

> (1) all defendants in each of the cases are the same, or, if the defendants are not all the same, the cases are based upon the same set of facts, events or offenses;
>
> (2) both cases are pending in this District;
>
> (3) the handling of both cases by the same judge is likely to result in the overall saving of judicial resources; and
>
> (4) neither case has progressed to the point where reassigning a case would likely delay substantially the proceedings in either case, or the Court finds that the assignment of the cases to the same judge would promote consistency in resolution of the cases or otherwise be in the interest of justice.

*See* Crim. L.R. 13(a).

The Court finds that the requirements of Criminal Local Rule 13 are met as to Defendant's pending matters. As discussed, both cases involve the same defendant and are pending in this District. Further, Defendant avers that the newly filed criminal charge in Case No. 21-CR-45 would be one of the primary grounds for this Court's revocation of his supervised release. Thus, having one judge handle both matters will conserve judicial resources and promote consistency in their resolutions. Lastly, because (1) neither court has issued any substantive rulings as to Defendant in either case, and (2) at this juncture, neither party has filed any substantive motions, the cases have not progressed to a point where reassignment would delay proceedings.

Based on the foregoing, the Court will grant Defendant's unopposed motion to reassign, (Docket #83), and will order the reassignment of Case No. 21-CR-45 from Judge Brett H. Ludwig to this branch of the Court. *See* Crim. L.R. 13(c). The Court will direct the Clerk of Court to effectuate the reassignment of Case No. 21-CR-45 to this branch of the Court in accordance with the local rules.

Accordingly,

**IT IS ORDERED** that Defendant's unopposed motion to reassign, (Docket #83), be and the same is hereby **GRANTED**; the Clerk of Court is directed to effectuate the reassignment of Case No. 21-CR-45 to this branch of the Court in accordance with the local rules.

Dated at Milwaukee, Wisconsin, this 9th day of April, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Page 3 of 3
Case 2:14-cr-00234-JPS   Filed 04/09/21   Page 3 of 3   Document 84